For defendant: A. S. and A. P. Johnson.

Munds & Winslow
vs.　　　　　　No. 4449.
Frank H. Heffernan, alias

July 28, 1933.

FROST, J. Heard upon plaintiffs' motion that decision be entered in accordance with master's report.

This is an action in assumpsit in which the plaintiffs, who are stock brokers, seek to recover a balance due them, as they allege, on certain stock transactions had with the defendant.

Upon the stipulation of counsel, the Court sent the matter to a master who duly filed his report, wherein he found a certain sum due the plaintiffs. Subsequently, exceptions to the report were filed and these are now before the Court by virtue of plaintiffs' motion that decision be entered on the report.

The defendant's exceptions, however stated, are substantially that certain ledger sheets were improperly admitted; that one Crosby was permitted to testify concerning them and that the original books of account were not produced.

The Court thinks that the ledger sheets were clearly admissible under the general rules of evidence as well as under the provisions of Chapter 1161 of the Pub. Laws of R. I., January session 1928. Mr. Crosby's connection was such that he could properly testify as to what they were; that in this case they were the ledger sheets regularly kept in the course of business. The more important question is, it seems to the Court, whether even though admissible they are sufficient without the books of original entries. Ordinarily, whatever else is produced, the books of original entries are necessary for the plaintiff to prove his case and are demandable by the defendant. In this case, however, it seems to the Court that the value of any exception taken is made worthless by the fact that the defendant himself testified clearly that he did not question the amount or the figures of the plaintiffs. His real objection to plaintiffs' claim was that stocks should have been sold on October 29, 1929, instead of on October 30, 1929. The testimony shows that he was wrong in his supposition and that the sales were made on October 29th, the day on which he contended they should have been made.

The Court thinks that it was competent for the plaintiffs to prove by the ledger sheets the aggregate sum due which, under the circumstances, was all that they had to prove.

The exceptions are therefore overruled, the report is allowed and decision given thereon for the plaintiffs for the amount of the claim plus interest from the date of the writ, to-wit, $1,160.02 and costs.

For plaintiffs: Messrs. Burdick, Corcoran & Peckham.

For Defendants: Jeremiah A. Sullivan.